**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

    v.                                                Cr. No. 08-252-01 (ESH/JMF)

**LACY F. CHAVIS,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

On January 18, 2011, the defendant was convicted for Possession of a Firearm by a Convicted Felon.  The Court sentenced him to time served plus 36 months of supervised release, to run concurrent with the term of supervised release imposed in Case 08-140-01, where he also received a sentence of time served.  According to the presentence investigation report in this case, Case 08-252-01, after the defendant gave his consent, the police found a gun, which the defendant admitted was his, in the car he had been driving.

In Case 08-140-01, the defendant was driving a car that the police stopped for a traffic offense.  After the police arrested the defendant for driving without a permit, they searched the car and found 122.6 grams of cocaine base under the driver's seat.  Three hours later, the police executed a search warrant at the defendant's home and found substantial quantities of cocaine base (117.9 grams), a digital scale, a loaded gun, and ammunition.

Thus, the defendant was on supervised release in two serious cases (supervision began on January 18, 2011 and would end on January 17, 2016) when he committed the current offense, which occurred on April 3, 2011 in North Carolina.  On that date, the police stopped the defendant while driving and found cocaine in his car.  On January 5, 2012, he was convicted of Trafficking in Cocaine and sentenced to 35-42 months with a credit of 277 days

The Probation Office now charges that he violated his supervised by first going to North Carolina without the permission of this Court or the Probation Office, and by being convicted of a felony while on supervised release.

The defendant understandably concedes his violations but asks that he be sentenced at the low end of the recommended Guidelines range of 27 months.  Defendant addressed me and said that he was 56 years old, knew he was guilty, and had learned his lesson.

In my view, his violations warrant the revocation of his supervised release and a sentence of 33 months at the high end of the Guidelines range.  Defendant's recidivism is remarkable.  He was on supervised release for only a few months before he was once arrested for driving a car in which the police found drugs, an offense identical to the offense in 08-140-01.  Obviously, the defendant showed nothing but contempt for the conditions of release and his new confession of guilt and admission that he learned his lesson comes too late.  After being placed on supervised release in two case, the defendant simply continued to engage in the kind of behavior that led to his convictions in this Court in the first place.  There is simply no reasonable case that can be made for leniency.

I therefore recommend that the defendant's supervised release be revoked and that he be sentenced to 33 months imprisonment.  Additionally, in my view, defendant's recidivism warrants further supervision by this Court.  I therefore further recommend that an additional term of supervised release be imposed upon the defendant's release from prison.

JOHN M. FACCIOLA  
UNITED STATES MAGISTRATE JUDGE